UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
ISMAEL GARCIA,

                    *Plaintiffs*,                          **19 CV 1001**

        *v.*

                                                    **COLLECTIVE CLASS**
RELIABLE BAKERY *d/b/a* BROOKLYN BREAD,    **ACTION COMPLAINT**

                    *Defendant.*
------------------------------------------------------------------------×

      Plaintiff Ismael Garcia, by his counsel, The Harman Firm, LLP, allege for his collective class action Complaint against Defendant Reliable Bakery d/b/a Brooklyn Bread ("Reliable Bakery") as follows:

## PRELIMINARY STATEMENT

      1.     In November 2010, Reliable Bakery hired Mr. Garcia as a Baker, compensating him at a rate of $100 per day throughout his employment. On average, Mr. Garcia worked approximately 60 hours per week, 10 hours per day, 6 days per week. Despite working over 40 hours per week, Mr. Garcia's compensation did not change: he always received $600 per week regardless of the fact that he typically worked 20 hours of overtime each week. Reliable Bakery also failed to keep proper notice and records of Mr. Garcia's hours worked.

      2.     Plaintiff seeks damages and costs against Defendant for failing to pay him the overtime premium rate for hours worked in excess of 40 per week, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law (NYLL), N.Y. Lab. Law §§ 1 *et seq.*

      3.     Plaintiff also seeks damages and costs against Defendant for failing to pay him a spread of hours, in violation of the NYLL.

4. Plaintiff also seeks damages and costs against Defendant for failing to provide notice or conduct record-keeping, in violation of the NYLL.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

5. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under the FLSA.

6. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's NYLL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

## PARTIES

7. Plaintiff Garcia, at all times relevant hereto, was and is a resident of Kings County in the State of New York.

8. Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of New York with its principal place of business located at 8118 18th Ave, Brooklyn, New York 11214.

## COVERAGE UNDER FLSA

9. At all times relevant hereto, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

10. At all times relevant hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

12. At all times relevant hereto, Reliable Bakery was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA, as it generates revenue by baking bread and bread-products, which it sells to customers.

13. Upon information and belief, Reliable Bakery is involved on interstate commerce, including, but not limited to, delivering goods via interstate highway, delivering goods to other states, making products for sale in other states, and receiving raw materials from other states.

14. At all times relevant hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

## **COLLECTIVE ACTION**

15. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of himself and others who currently work or formerly worked as a Baker for Reliable Bakery (the "Collective Action Members") during the three-year period immediately preceding the filing of the original Complaint (the "FLSA Statutory Period").

16. Defendant failed to pay its Bakers the overtime premium rate for hours worked in excess of 40 per week.

17. As a result, Defendant is in violation of the FLSA.

18. Defendant subjected Plaintiff and the Collective Action Members to the same pay provision(s) in that Defendant failed to properly compensate either Plaintiff or the Collective Action Members for their hours worked.

19. The Collective Action Members are thus owed unpaid wages under the FLSA for the same reasons as Plaintiff.

**STATEMENT OF FACTS**

20. In November 2010, Reliable Bakery hired Mr. Garcia as a Baker, tasking him primarily with baking bread and bread-products.

21. Reliable Bakery compensated Mr. Garcia at a rate of $100 per day.

22. On average, Mr. Garcia worked approximately 60 hours per week.

23. Mr. Garcia worked 6 days per week: on Wednesday, Thursday, Friday, Saturday, Sunday, and Monday.

24. On Wednesdays, Thursdays, Sundays and Mondays, Mr. Garcia worked from 2:00 p.m. until 11:00 or 12:00 a.m.

25. On Fridays and Saturdays, Mr. Garcia worked from 2:00 p.m. until 1:00 or 1:30 a.m.

26. For example, between Wednesday May 18, 2016 through Monday May 23, 2016, Mr. Garcia worked the following hours: on Wednesday May 18, 2016, he worked from 2:00 p.m. until 11:00 p.m. or 12:00 a.m.; on Thursday May 19, 2016, he worked from 2:00 p.m. until 11:00 p.m. or 12:00 a.m.; on Friday May 20, 2016, he worked from 2:00 p.m. until 1:00 a.m. or 1:30 a.m.; on Saturday May 21, 2016, he worked from 2:00 p.m. until 1:00 a.m. or 1:30 a.m.; on Sunday May 22, 2016, he worked from 2:00 p.m. until 11:00 p.m. or 12:00 a.m.; and on Monday May 23, 2016, he worked from 2:00 p.m. until 11:00 p.m. or 12:00 a.m.

27. Reliable Bakery did not give Mr. Garcia a break during his shifts, regardless of how long his shift was.

28. In fact, Mr. Garcia received no documentation whatsoever from Reliable Bakery.

29. Reliable Bakery did not pay Mr. Garcia the overtime premium rate for hours worked in excess of 40 per week.

30. When Mr. Garcia inquired as to why he was not getting paid overtime, Reliable Bakery said that he was to receive the same amount daily and that "there was no overtime."

31. Reliable Baker would pay Mr. Garcia in cash every week for 6 days of work, but did not provide Mr. Garcia with any pay stubs.

32. When Reliable Bakery paid Mr. Garcia, it had him sign a document showing what days he worked (but not his hours) and would then keep this document without giving Mr. Garcia a copy.

33. Around mid-August of 2016, Mr. Garcia was terminated.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the FLSA

34. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 33 with the same force as though separately alleged herein.

35. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

36. The FLSA mandates that employers compensate employees at one-and-a-half times their normal hourly rate for all hours worked over 40 in a work week.

37. Defendant knowingly and willfully failed to pay Plaintiff at all for hours worked in excess of 40 in a work week, much less at the overtime premium rate.

38. As such, Defendant violated the FLSA's overtime requirement by not paying Plaintiff at the overtime premium rate for hours worked in excess of 40 in a work week.

39. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his back pay at the overtime premium rate, liquidated damages, and reasonable attorneys' fees, and costs, related to the action.

## SECOND CAUSE OF ACTION
**Failure to Pay Overtime in Violation of the NYLL**

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41. At all relevant times, Plaintiff was employed by Defendant within the meaning of the NYLL.

42. The NYLL mandates that employers compensate employees at one-and-a-half times their normal hourly rate for all hours worked over 40 in a work week.

43. Defendant has failed to pay Plaintiff whatsoever for hours worked for Defendant. As such, Defendant has failed to pay Plaintiff at the overtime premium rate for hours worked for Defendant in excess of 40 in a work week.

44. Defendant willfully and intentionally violated the NYLL's overtime requirement by not paying Plaintiff at the overtime premium rate for hours worked in excess of 40 in a work week.

45. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant his back pay at the overtime premium rate, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

## THIRD CAUSE OF ACTION
**Failure to Pay Spread of Hours in Violation of the NYLL**

46. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 45 with the same force as though separately alleged herein.

47. At all relevant times, Plaintiff was employed by Defendant within the meaning of the NYLL.

48. The NYLL requires an employer to pay an employee one additional hour at the minimum wage for any day during which the employee worked ten or more hours.

49. Plaintiff regularly worked ten or more hours in a day during his employment with Defendant, but was not paid one additional hour at the minimum wage.

50. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant his unpaid compensation, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

## FOURTH CAUSE OF ACTION
### Failure to Notice and Record-Keeping in Violation of the NYLL

51. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 50 with the same force as though separately alleged herein.

52. At all relevant times, Plaintiff was employed by Defendant within the meaning of the NYLL.

53. NYLL § 195 mandates that employers keep certain records and provide certain notices to their employees.

54. Defendant never provided Plaintiff with notices or records, nor, upon information and belief, did Defendant keep accurate records of Plaintiff's hours worked.

55. Defendant therefore violated the NYLL's notice and record-keeping requirements by not providing Plaintiff with required notices and keeping accurate records of hours worked under NYLL § 195.

56. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant statutory damages, reasonable attorneys' fees, and costs related to the action.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, economic loss, liquidated damages, and reasonable attorneys' fees, and costs;

B. For the second cause of action, economic loss, liquidated damages, attorneys' fees and costs, and interest to be determined at the hearing of this action;

C. For the third cause of action, economic damages, liquidated damages, attorneys' fees and costs, and interest to be determined at the hearing of this action;

D. For the fourth cause of action, statutory damages, attorneys' fees, and costs to be determined at the hearing of this action; and

E. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 20, 2019

By:    s/Edgar M. Rivera
        Edgar M. Rivera
        THE HARMAN FIRM, LLP
        381 Park Avenue South, Suite 1220
        New York, NY 10016
        T: (212) 425-2600
        E: erivera@theharmanfirm.com

        *Attorneys for Plaintiffs*